[908 NYS2d 206]

In the Matter of MICHAEL H. DORSKY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 14, 2010

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*McDonough & McDonough*, Westbury (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated February 26, 2009, which contains three charges of professional misconduct. After a preliminary conference on September 10, 2009, and a hearing on October 7, 2009, the Special Referee sustained all three charges. The Grievance Committee moves to confirm the findings of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation in opposition in which he asks the Court to confirm the report of the Special Referee with respect to charges one and two solely with respect to the respondent's contact with C.E. Johnson-Murphy after the respondent, who was then an Administrative Law Judge, wrote, edited, and signed his decision in a matter involving Johnson-Murphy, to disaffirm the report with respect to charge three, and to remit the matter to the Grievance Committee for the issuance of a letter of reprimand.

Charge one alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by engaging in ex parte conversations with a litigant both before and after she appeared before him in his capacity as an Administrative Law Judge (hereinafter ALJ) in an administrative hearing, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between 1985 and March 2004, the respondent was employed as an ALJ for the New York State Department of Motor Vehicles (hereinafter DMV). He was assigned to the Traffic Violations Bureau in Garden City. The respondent was assigned as the ALJ to conduct a hearing involving allegations that Johnson-Murphy had been involved in an accident while driving an uninsured motor vehicle registered to her. The DMV hearing was scheduled for March 31, 2004. Prior to that date, the respondent had spoken with Johnson-Murphy over the telephone, granted her request for an adjournment, and learned that she was a New York City police officer.

On March 31, 2004, at the DMV offices, the respondent had an ex parte conversation with Johnson-Murphy outside the hearing room prior to the start of the hearing. He then conducted the DMV hearing at which Johnson-Murphy, the operator of the other vehicle involved in the accident, and a New York State police officer testified. At the hearing, the respondent had before him a notarized letter dated July 10, 2003, from Johnson-Murphy to the DMV in which she denied knowledge of the accident and asserted that her car was inoperable and parked at her residence on the date of the accident. She also provided written documentation to the respondent that the vehicle was in storage at a repair shop on the date of the accident.

After the hearing and before a written decision was provided to Johnson-Murphy, the respondent began placing telephone calls to her and either spoke with her personally or left voicemail messages. The respondent acknowledged placing the calls, noting that Johnson-Murphy was "a person I would like to get to know better." During those calls, the respondent discussed the content of his decision with Johnson-Murphy. In a telephone conversation of April 20, 2004, the respondent discussed his decision with Johnson-Murphy and acknowledged having had previous discussions with her regarding the decision being on his desk. He acknowledged his attraction to her and indicated that he did not want to pressure her to feel that she owed him anything or might have to do something with him. During that conversation, the respondent made the following remark: "Frankly, I wasn't even sure that you were not guilty . . . but that's neither here nor there." In that same conversation, the respondent admitted having previously told Johnson-Murphy that he was not supposed to have contacted her. He then confirmed plans to meet her for dinner the following evening.

In a decision signed by the respondent on April 7, 2004, he found in favor of Johnson-Murphy and directed the DMV to remove the record of the accident from her driving record.

In an interview by investigators from the New York State Office of the Inspector General on July 22, 2004, the respondent falsely stated that he had had no contact with Johnson-Murphy outside the hearing.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice by having ex parte conversations with a litigant both before and after she appeared before him in his capacity as an ALJ in an administrative hear-

ing, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.·

Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by having ex parte conversations with a litigant both before and after she appeared before him in his capacity as an ALJ in an administrative hearing, then later denying that he had any contact with her, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charges one and two.

Based on the evidence adduced, the Special Referee properly sustained all three charges and the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. The respondent emphasizes that this was an aberrational act which did not affect his decision. He asks the Court to take note of his remorse for his poor judgment, the high price he has already paid for his indiscretion, his impressive pro bono work, and the unlikelihood of any repetition of such conduct.

The respondent distinguishes this case from those in which an attorney has made unwanted sexual advances or tried to take advantage of a client in a vulnerable state.

As set forth in the Inspector General's report, an exhibit in the disciplinary proceeding, the respondent not only acted improperly in pursuing a personal relationship with the subject of an administrative hearing over which he presided, but also engaged in a selective view of the evidence presented at the hearing, ignored prior warnings about ex parte communications from the DMV, and made false denials about his conduct to the Inspector General's office. The respondent's conduct clearly served to lessen public trust and confidence in the system and justly led to the termination of his employment with the DMV. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael H. Dorsky, is suspended from the practice of law for a period of three years, commencing

October 15, 2010, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the three-year period, upon furnishing satisfactory proof that during that period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael H. Dorsky, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael H. Dorsky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).